UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GABY'S BAGS, LLC,

    Plaintiff,

v.                                           Case No.: 2:19-cv-785-FtM-38MRM

MERCARI, INC.,

    Defendant.
_____/

## **ORDER TO SHOW CAUSE**[1]

Before the Court is a *sua sponte* review of the file. In the briefing on a pending Motion to Dismiss (Doc. 6), Defendant noted this case may be subject to a forum-selection clause (Doc. 6 at 1 n.1). Specifically, Defendant argues the parties are bound by a terms of service contract, which contains a potentially mandatory forum-selection clause. (Doc. 6-1 at 18 ("Any dispute that arises . . . that may not be subject to arbitration . . . shall be submitted to the exclusive jurisdiction of the state and federal courts in San Francisco, California.")). Neither party makes any argument this case should be transferred. But the issue can be raised *sua sponte* by the Court. *E.g.*, *Hisey v. Qualtek USA, LLC*, 753 F. App'x 698, 703-04, 704 n.5 (11th Cir. 2018); *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). And a somewhat similar case from the Southern District was recently transferred pursuant to a forum-selection clause. *Hindi v. Birdeye, Inc.*, No. 19-cv-61201-BLOOM/Valle, 2019 WL 4091425, at *1 (S.D. Fla. Aug. 29, 2019). Thus, each party show

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

cause on whether the case should be transferred to California if they are bound by the terms of service contract.

Accordingly, it is now

**ORDERED:**

Defendant must **SHOW CAUSE**, in writing not to exceed five (5) pages in length, **on or before January 14, 2020**, whether the case should be transferred if the terms of service contract is binding. Then, Plaintiff must **SHOW CAUSE**, in writing not to exceed five (5) pages in length, **on or before January 21, 2020**, whether the case should be transferred if the terms of service contract is binding.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of January, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record