UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GABY'S BAGS, LLC,

    Plaintiff,

v.                                          Case No.: 2:19-cv-785-FtM-38MRM

MERCARI, INC.,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court are the responses to an Order to Show Cause (Doc. 49) from Plaintiff Gaby's Bags, LLC and Defendant Mercari, Inc. (Docs. 55; 61). Also here are several pending motions. For these reasons, the Court transfers the case to California.

## **BACKGROUND**[2]

This is a case about selling purses online. Mercari runs an app and website where "anyone" can sell "anything." (Doc. 4 at 1). Essentially, it's like the Japanese eBay. To gain American market share, Mercari targets "resellers" (which are typically businesses) through internet marketing, reiterating "anyone" can sell on its platforms. (Doc. 4 at 15). But this is all a big scheme. Mercari lures resellers to stock its pages with popular products and establish a customer base. Then, Mercari boots the reseller from its platforms because it "does not offer or allow 'business accounts.'" (Doc. 4 at 22). With

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] These facts are allegations from the Complaint (Doc. 4).

the reseller gone, Mercari "keeps the customers" on its service, all the while increasing its userbase and market share. (Doc. 4 at 22).

This happened to Gaby's Bags. For two years, Gaby's Bags was a handbag reseller on Mercari, generating about $400,000 in sales. That ended abruptly when Mercari terminated Gaby's Bags' account because "Mercari does not offer 'business accounts.'" (Doc. 4 at 25). As a result, Gaby's Bags sued for deceptive or unfair trade practices, false advertising, and RICO under state law. Each claim revolves around Mercari's scheme to falsely advertise "anyone" could use its platforms.

Mercari brings a counterclaim for breach of contract. (Doc. 7). The contract is called "Terms of Service" ("TOS"). (Doc. 7 at 44). During the parties' business relationship, there were four versions of the TOS.[3] (Docs. 6-1; 6-2; 6-3; 6-4). Where relevant, every TOS was similar. One provision is a forum-selection clause—stipulating to litigate non-arbitrable disputes in San Francisco. (Doc. 6-4 at 17).

**APPLICABLE LAW**

When a forum-selection clause points to another federal court, the proper enforcement mechanism it is a motion to transfer under 28 U.S.C. § 1404(a). *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 52, 59-60 (2013). That provision follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Under this provision, district courts have somewhat

---

[3] Without deciding which version applies, the Court refers to the version Gaby's Bags relies on (Doc. 6-4).

2

broad discretion. *Hight v. U.S. Dep't of Homeland Sec.*, 391 F. Supp. 3d 1178, 1182-83 (S.D. Fla. 2019). And "the construction of forum selection clauses by federal courts is a matter of federal common law, not state law of the state in which the federal court sits." *Cornett v. Carrithers*, 465 F. App'x 841, 842 (11th Cir. 2012) (citing *P&S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003)).

While a § 1404(a) motion typically precedes transfer, it is not required. Rather, courts may sua sponte transfer a case under § 1404(a) after giving each party notice and opportunity to be heard. *E.g.*, *Hisey v. Qualtek USA, LLC*, 753 F. App'x 698, 704 & n.5 (11th Cir. 2018); *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011); *Nalls v. Coleman Low Fed. Inst.*, 440 F. App'x 704, 706 (11th Cir. 2011).[4] Here, the Court raised the issue while reviewing briefing on other motions. (Doc. 49). Each party had a chance to respond, and they have done so. (Docs. 55; 61). With the issue of transfer properly before the Court, the analysis turns to § 1404(a).

In applying the statute, courts use a two-step approach. *Fike v. JetBlue Airways Corp.*, No. 2:13-cv-706-FtM-38UAM, 2014 WL 582877, at *2 (M.D. Fla. Feb. 13, 2014). The first question is whether the case might have been brought in the transferee district or the parties consented to suit there. *Carrigg v. Gen. R.V. Ctr., Inc.*, No. 3:18-cv-654-J-34PDB, 2018 WL 5904447, at *4 (M.D. Fla. Nov. 9, 2018). At the second step, courts consider several factors related to convenience and the interest of justice. *Id.* When

---

[4] *See also Nissei ASB Co. v. R&D Tool & Eng'g Co.*, No. 1:18-cv-553-TCB, 2018 WL 9961069, at *5 (N.D. Ga. Nov. 9, 2018); *Powell v. United Rentals (N. Am.), Inc.*, No. C17-1573JLR, 2019 WL 1489149, at *6-7 (W.D. Wash. Apr. 3, 2019); *U.S. ex rel. QSR Steel Corp. v. Safeco Ins. Co. of Am.*, No. 3:14-cv-1017 (VAB), 2015 WL 4393576, at *4-5 (D. Conn. July 16, 2015) (collecting cases); *15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 3844 (4th ed. 2019).

transfer is based on a forum-selection clause, however, the analysis changes in several ways. *Atl. Marine*, 571 U.S. at 62. For instance, the burden is on the party opposing enforcement of the clause. *Id.* at 63.

## DISCUSSION

### A. Transfer

Mercari argues the Court should transfer; Gaby's Bags disagrees.

In deciding whether to transfer, the Court begins with the first step. This case could have been brought in the Northern District of California, where Mercari has its principal place of business. (Doc. 4 at 2); *see* 28 U.S.C. § 1391(b)-(c). Because a forum-selection clause is at issue though, the Court will analyze three other matters: (1) whether the clause is valid; (2) whether the claims fall within the scope of the clause; and (3) whether the clause is mandatory or permissive. *See, e.g.*, *Carrigg*, 2018 WL 5904447, at *5-6; *Hindi v. Birdeye, Inc.*, No. 19-cv-61201-BLOOM/Valle, 2019 WL 4091425, at *3 (S.D. Fla. Aug. 29, 2019). The Court takes each in turn.

*1. Validity*

"Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (quoting *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-95 (1991)). But these clauses are not impregnable. A "clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy."

*Id.* (quoting *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1296 (11th Cir. 1998)).

Mercari argues Gaby's Bags failed to make a strong showing that the forum-selection clause is not valid. The Court agrees.

To start, none of Gaby's Bags contentions go to contract formation. While Gaby's Bags attacks other portions of the TOS (like its limitation of liability and indemnification provisions), it never argues any issue with entering into a contract in the first place. Moreover, Gaby's Bags does not make specific argument related to the validity of the forum-selection clause. In fact, Gaby's Bags does not address the *Lipcon* factors at all. In any event, it seems those factors would not support invalidation here. In its briefing, Gaby's Bags simply states, the clause is "not enforceable or valid, and Mercari fails to address the second step of the two-step inquiry concerning the convenience of the witnesses and the parties and the interest of justice." (Doc. 61 at 5). That single conclusory statement is far short of a "strong showing" why a forum-selection clause is invalid. And it confuses the first and second steps of the inquiry.

In the motion to dismiss briefing, Gaby's Bags argues that a limitation of liability provision is not severable and renders the entire TOS invalid. The Court expresses no opinion on the validity or enforceability of this provision. But as relevant here, the Court concludes the provision is severable, so any issues would not render the entire TOS void. To determine "whether a contract provision is severable, Florida courts look to the entirety of the agreement."[5] *Frankenmuth Mut. Ins. v. Escambia Cty., Fla.*, 289 F.3d 723, 728

---

[5] The parties only address this point under Florida law. So the Court will do so as well without deciding whether California or Florida law applies.

(11th Cir. 2002). At bottom, the parties' intent controls. *Id.* If an illegal provision does not go to the essence of the contract, it may be severable if a valid contract remains after cutting out the provision. *Id.*; *see also Thomas v. Clean Energy Coastal Corridor*, 176 So. 3d 249, 253 (Fla. 2015). Gaby's Bags cites a TOS provision that calls the limitation of liability an "essential element." (Doc. 6-4 at 16) (emphasis omitted). But that provision also contains a severability clause, stating each provision is "severable and independent." (Doc. 6-4 at 16). While perhaps not dispositive, the severability clause follows another provision that recognizes certain limitations of liability may not apply depending on the law in each jurisdiction. (Doc. 6-4 at 16). Moreover, Gaby's Bags mischaracterizes the essence of the TOS as a limitation of liability. It is not. The TOS is far more than a limitation of Mercari's liability. It sets out the terms of the service Mercari offers through its platforms. Thus, even if it were void, the provision would be severable. *See Dubois v. Home Dynamics Murano, LLC*, No. 07-61082-CIV-LENARD/GARBER, 2008 WL 11330726, at *3 (S.D. Fla. June 17, 2008); *Weaver v. Opera Tower, LLC*, No. 07-23332-CIV, 2008 WL 4145520, at *4 (S.D. Fla. Aug. 1, 2008).

Perhaps also relevant to validity is Gaby's Bags argument the parties had unequal bargaining power. However, parties need not have equal bargaining power for a forum-selection clause to be enforceable. *E.g.*, *Ideal Protein of Am., Inc. v. Allife Consulting, Inc.*, No. 8:19-cv-654-T-33CPT, 2019 WL 2358832, at *3-4 (M.D. Fla. June 4, 2019). In a seminal case on this topic, the Supreme Court held a forum-selection clause on a cruise ticket valid, despite the clear bargaining imbalance between a vacationer and Carnival Cruise Lines. *Shute*, 499 U.S. at 591-95. Gaby's Bags' contentions fail as a reason to find the clause invalid.

6

Thus, the Court concludes the forum-selection clause is valid.

*2. Scope*

Next, the Court must decide whether the claims fall within the scope of the clause. "To determine if a forum-selection clause encompasses a particular type of claim, we look to its language." *Stiles v. Bankers Healthcare Grp., Inc.*, 637 F. App'x 556, 559-60 (11th Cir. 2016) (citing *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir. 2011)). The clause encompasses "[a]ny dispute that arises between you and Mercari that may not be subject to arbitration." (Doc. 6-4 at 17). The Court concludes these causes of action fall within that language.

Here, every claim arises from the parties' business relationship (specifically Mercari inducing then ending it) which the TOS governs. So the claims fall within the scope of the clause. As for the TOS' application to these claims, Gaby's Bags position boils down to its belief that the TOS cannot apply because it brought consumer protection claims under Florida state law. But whether the TOS bars the substantive claims is a separate matter from whether its forum-selection clause is enforceable. For instance, much of Gaby's Bags' position revolves around FDUTPA claims. Those causes of action, however, may be subject to forum-selection clauses. *E.g.*, *Carrigg*, 2018 WL 5904447, at *9 (collecting federal cases); *see also Gold Crown Resort Mktg. Inc. v. Phillpotts*, 272 So. 3d 789, 793 n.7 (Fla. Dist. Ct. App. 2019); *Fairbanks Contracting & Remodeling, Inc. v. Hopcroft*, 169 So. 3d 282, 283 (Fla. Dist. Ct. App. 2015).

The Court, therefore, concludes the claims fall within the scope of the clause.

7

### 3. Mandatory or Permissive

Finally, the Court must determine whether the clause is mandatory or permissive. *See Slater*, 634 F.3d at 1330. "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, 'dictates an exclusive forum for litigation under the contract.'" *Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir.2004) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1262 n.24 (11th Cir.1999)). This distinction is crucial because mandatory clauses have more weight than permissive clauses. *See Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1270 (S.D. Fla. 2004).

On this point, Gaby's Bags makes two arguments.

First, Gaby's Bags contends the clause is not mandatory because it governs disputes "that may not be subject to arbitration," and Mercari has not yet made its position clear on whether the claims are subject to arbitration. (Doc. 61 at 1) (emphasis omitted). The issue of arbitration is not here. And parties can move to dismiss before moving to enforce their arbitration rights.[6] *E.g., Grant v. JP Morgan Chase & Co.*, No. 8:19-cv-1808-T-02SPF, 2019 WL 5215711, at *3 (M.D. Fla. Oct. 16, 2019). But potential arbitration is a red herring. Even if the parties arbitrate later, the clause is not somehow rendered permissive or unclear on where disputes resolved by a court must occur—California.

Second, Gaby's Bags argues the forum-selection clause is permissive or at least ambiguous. The Court is unpersuaded. The clause mandates disputes "*shall* be submitted to the *exclusive* jurisdiction of the state and federal courts in San Francisco,

---

[6] Of course, a party may waive its right to arbitrate by acting inconsistent with the right. *E.g., Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236 (11th Cir. 2018).

8

California." (Doc. 6-4 at 17) (emphasis added).  In this context, "the term 'shall' is one of requirement."  *Slater*, 634 F.3d at 1330 (citation omitted).  Likewise, the phrase "exclusive jurisdiction" suggests that a forum-selection clause is mandatory.  *E.g.*, *Trafalgar Capital Specialized Inv. Fund (In Liquidation) v. Hartman*, 878 F. Supp. 2d 1274, 1284 (S.D. Fla. 2012); *Hindi*, 2019 WL 4091425, at *6.  Thus, the language of the forum-selection clause is mandatory.

Grasping for ambiguity, Gaby's Bags points one word in the clause: "and."  The entire clause follows: "Any dispute that arises between you and Mercari that may not be subject to arbitration *and* shall be submitted to the exclusive jurisdiction of the state and federal courts in San Francisco, California."  (Doc. 6-4 at 17) (emphasis added).  Clearly, the emphasized "and" should not be there.  It is likely a typo or scrivener's error.  Yet according to Gaby's Bags, that single word makes the entire clause "wholly unintelligible." (Doc. 61 at 2).  The Court disagrees.  As every lawyer should know, "parties occasionally err or misprint in the course of contract drafting."  *Internaves de Mex. s.a. de C.V. v. Andromeda S.S. Corp.*, 898 F.3d 1087, 1093 (11th Cir. 2018).  Such errors do not render a contract per se ambiguous.  *See Begner v. United States*, 428 F.3d 998, 1006-07 (11th Cir. 2005).  An ambiguous contract is one capable of more than one reasonable interpretation.  *E.g.*, *Disa v. Ashley Furniture Indus., Inc.*, 131 F. Supp. 3d 1316, 1320 (M.D. Fla. 2015).  Put another way, "There must be a genuine inconsistency, uncertainty, or ambiguity."  *Dahl-Eimers v. Mut. of Omaha Life Ins.*, 986 F.2d 1379, 1382 (11th Cir. 1993) (internal quotation marks and citation omitted).  Whether or not the word "and" is in the forum-selection clause does not change its otherwise clear meaning.  And the only

9

reasonable interpretation of the clause is this case should have been brought in California, not Florida.

So the forum-selection clause is mandatory.

*4. Second Step*

Having decided the TOS contains a valid, enforceable, and mandatory forum-selection clause, the Court turns back to § 1404(a)'s second step. *Stiles*, 637 F. App'x at 562.

A forum-selection clause is "a significant factor that figures centrally in the district court's calculus." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Absent "extraordinary circumstances," the "district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine*, 571 U.S. at 62. In this analysis, there are two factors courts cannot consider—plaintiff's choice of forum and the parties' private interests. *Id.* at 63-64. Instead, courts simply consider public-interest factors. *Id.* at 64. Among these public-interest facts are "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 62 n.6 (alteration accepted and citation omitted). "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 64 And the party opposing enforcement of the forum-selection clause "must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id.* at 67.

Gaby's Bags has not met its burden. Part of its argument is based on convenience of the parties and witnesses. (Doc. 61 at 5). Those are factors entitled to no weight in

this analysis. *Atl. Marine*, 571 U.S. at 64 ("When the parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses."). The rest of Gaby's Bags argument is one conclusory sentence, stating most of its claims arise under Florida statutes so the case should stay here. But as Mercari argues, the choice of law issue is unsettled. Even if Florida law applies—which the Court does not decide—Gaby's Bags failed to meet its burden given the asserted claims. One is a federal claim. (Doc. 4 at 27-28). Another (Florida RICO) is specifically interpreted in accordance with the federal statute on which it is patterned. (Doc. 4 at 30-40); *see also Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263-64 (11th Cir. 2004); *Aim Recycling of Fla., LLC v. Metals USA, Inc.*, No. 18-cv-60292-BLOOM/Valle, 2020 WL 209860, at *14 n.11 (S.D. Fla. Jan. 13, 2020). And the other two are straightforward state-law claims for deceptive and unfair trade practices and false and misleading advertising. This is not a case in which the local interest or advantage of an at-home court deciding the case "overwhelmingly disfavor a transfer." *See Atl. Marine*, 571 U.S. at 67. Further, as Mercari notes, the caseload realities do not militate against transfer. So the Court concludes the public-interest factors lean towards transfer.

Finally, Gaby's Bags contends Mercari waived its right to enforce the forum-selection clause. Yet the Court concludes there was no waiver. Just about all Mercari's filings began with the same footnote—stating Mercari did not waive its right to assert certain defenses and reserving its right to raise the forum-selection clause. *E.g.*, (Doc. 6 at 1 n.1). In its Answer, Mercari specifically brought the forum-selection clause as an affirmative defense. (Doc. 7 at 41). None of this suggests waiver of Mercari's right to

enforce the forum-selection clause. And the cases Gaby's Bags cites on waiver are for improper venue. As the Supreme Court explained, courts enforce forum-selection clauses through § 1404(a), not for improper venue under § 1406 or Rule 12(b)(3). *Atl. Marine*, 571 U.S. at 61. It is well established transfer under § 1404(a) does not follow the same waiver principles as motions for improper venue. *E.g.*, *Future Fibre Techs. Pty. Ltd. v. Optellios, Inc.*, No. 2:08-CV-00600-UA-DNF, 2009 WL 10669775, at *3 (M.D. Fla. May 7, 2009). So the waiver argument fails.

Thus, based on the forum-selection clause and parties' briefing, the Court finds that transfer to the Northern District of California is appropriate.

**B. Pending Motions**

Mercari asks the Court to rule on the pending motions before transfer. While Mercari cites one nonbinding case for that proposition, it seems prudent to allow the transferee court to rule on the substantive matters. *See Hindi*, 2019 WL 4091425, at *9; *MoistTech Corp. v. Sensortech Sys., Inc.*, No. 8:15-cv-00434-EAK-TBM, 2015 WL 3952341, at *9 (M.D. Fla. June 26, 2015). Yet there are procedural issues with each motion. So the Court can simply deny the motions as moot or without prejudice.

First is Mercari's Motion to Dismiss (Doc. 6). Mercari moved to dismiss the Complaint in its entirety for failure to state a claim. Eleven minutes later, Mercari filed its Answer to the Complaint in its entirety, along with a counterclaim. (Doc. 7). A defendant need not answer a complaint until after disposition of a motion to dismiss. Fed. R. Civ. P. 12(a)(4); *Abdullah v. City of Jacksonville*, 242 F. App'x 661, 663 (11th Cir. 2007). And motions to dismiss become improper after a responsive pleading is filed. *Smith v. Bank of Am., N.A.*, No. 2:11-cv-676-FtM-29DNF, 2014 WL 897032, at *9 (M.D. Fla. Mar. 6,

2014). So courts "routinely deny motions to dismiss as moot which are filed simultaneously with or after an answer is filed." *Walker v. Mead*, No. 6:13-cv-1894-Orl-36GJK, 2014 WL 2778162, at *3 (M.D. Fla. June 18, 2014) (collecting cases). In the same vein, Middle District courts often deny as moot motions to dismiss that are filed contemporaneously with an answer. *Veltre v. Sliders Seaside Grill, Inc.*, No. 3:15-cv-1102-J-32JBT, 2016 WL 524658, at *1 (M.D. Fla. Feb. 10, 2016) ("Where, as here, an Answer was filed prior to the resolution of the motion to dismiss, the motion becomes moot."); *Capitol Preferred Ins. v. Whirlpool Corp.*, No. 2:13-cv-868-FtM-29UAM, 2013 WL 12156450, at *1 (M.D. Fla. Dec. 23, 2013); *Boat Raising & Reclamation v. Victory, a 56' Dania Custom Boat*, No. 2:06-cv-78-FtM-29DNF, 2007 WL 9718694, at *1 (M.D. Fla. Jan. 11, 2007); *Zucco Partners, LLC v. Findwhat.com*, No. 2:05-cv-201-FtM-29DNF, 2005 WL 5921170, at *1 n.2 (M.D. Fla. July 27, 2005). As many courts have said, "Once the defendants filed their answer, it became procedurally impossible for the Court to rule on the motion to dismiss." *E.g.*, *Brisk v. City of Miami Beach, Fla.*, 709 F. Supp. 1146, 1147 (S.D. Fla. 1989). So after its Answer, the proper procedural vehicle would be for Mercari to move for judgment on the pleadings under Rule 12(c). *E.g.*, *id.* While the Court could convert this to a 12(c) motion, *Thornton v. City of St. Petersburg, Fla.*, No. 8:11-cv-2765-T-30TGW, 2012 WL 2087434, at *2 (M.D. Fla. June 8, 2012), it would be more prudent to allow the transferee court to resolve those substantive matters. So Mercari's Motion to Dismiss (Doc. 6) and Motion to Stay (Doc. 42) are denied as moot.

Next, Gaby's Bags filed a Motion to Strike some of Mercari's affirmative defenses. (Doc. 24). In part, Mercari argues the Motion violated Local Rule 3.01(g). (Doc. 28). The Court warned Gaby's Bags in an unrelated matter when it similarly flaunted that Rule: "A

'perfunctory email is insufficient' to confer in good faith to resolve the issues raised in a motion." (Doc. 39 (quoting *George & Co. v. Cardinal Indus., Inc.*, No. 2:18-cv-154-FtM-38MRM, 2018 WL 5263450, at *2 (M.D. Fla. Oct. 23, 2018))). Thus, the Court denies Gaby's Bags Motion to Strike without prejudice for failure to comply with Local Rule 3.01(g).

Likewise, the only remaining matter is Gaby's Bags Motion to Dismiss Defendant's Counterclaim, or, in the Alternative, Motion for a More Definite Statement (Doc. 23). Part of the Motion addresses the enforceability of an indemnification provision in the TOS. Again, the transferee court is better positioned to address that matter. But the Motion also seeks in the alternative a more definite statement. And the Motion contains no 3.01(g) certification. Mercari correctly contends motions for more definite statement, unlike motions to dismiss for failure to state a claim, are not exempt from Rule 3.01(g). *Waldron v. Spicher*, No. 5:16-cv-658-Oc-32PRL, 2017 WL 3251541, at *2 n.2 (M.D. Fla. July 31, 2017); *Maple v. Cricket Wireless, Inc.*, No. 5:14-cv-583-Oc-40PRL, 2015 WL 574388, at *1 (M.D. Fla. Feb. 11, 2015). So the Court also denies this Motion to Dismiss Defendant's Counterclaim, or, in the Alternative, Motion for a More Definite Statement without prejudice for failure to comply with Local Rule 3.01(g).[7]

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Dismiss (Doc. 6) is **DENIED as moot**.

---

[7] There is a pending Motion for Order Directing Plaintiff to Preserve Evidence (Doc. 62), but it is not yet ripe.

14

2. Plaintiff's Motion to Dismiss Defendant's Counterclaim, or, in the Alternative, Motion for a More Definite Statement (Doc. 23) is **DENIED without prejudice**.

3. Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. 24) is **DENIED without prejudice**.

4. Defendant's Motion to Stay (Doc. 42) is **DENIED as moot**.

5. Defendant's Motion for Leave to Respond (Doc. 63) is **DENIED as moot**.

6. The Clerk is **DIRECTED** to **TRANSFER** this case to the United States District Court for the Northern District of California.

7. The Clerk is **DIRECTED** to close the Fort Myers file.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of January, 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record